## WATERS *vs.* CREAGH, ex'or.

1. The Supreme Court will not generally encourage an omission to make out assignments of error, by setting aside judgments, taken for want of them.
2. But *semble*, under *very peculiar* circumstances, the rule will be relaxed.

Mr. *Acre*, counsel for the plaintiff in error, moved to set aside the judgment of this Court, in the present entitled case, under its peculiar facts: and he read an affidavit stating that the assignment of errors, (for want of which the judgment was had,) had been delayed to be filed, in consequence of an understanding with Sallee, of counsel with the defendant, that they might be filed at leisure; that the case was in chancery; and contained merits.

*Sallee, contra.*

TAYLOR, J.—Motion to set aside a judgment rendered, for want of an assignment of errors.

During the present term, the judgment in this case has been affirmed, because there had been no assignment of errors.

The record was filed, and the case docketed during the last term. From the affidavit of Mr. Acre, the attorney for the plaintiff in error, it appears, that during the last term, a conversation passed between him and Mr. Sallee, the counsel for the defendant, in which it was agreed, that he might make the assignment at his leisure; that he did not believe any

4s. & p.                          11

advantage would be attempted on this account, and therefore, had omitted making the assignment; believing, also, that the case would not be called for trial, during this term; that no inconvenience can arise to the other party, from this omission, as it is a chancery case, in which a general assignment is all that will be required; and that the appeal has not been taken for delay, but in the hope of reversing the decree, on the merits.

We are not willing to encourage applications of this kind, and thus promote negligence in making assignments of error, in proper time. Therefore, although this motion will be sustained, we wish it understood to be, upon the peculiar circumstances of the case.

If there were any prospect of reaching the cause this term, in the regular call of the docket, or probably if it were a suit at law, the facts stated in the affidavit would be considered insufficient. But as, from the nature of the case, it must be understood, that the whole record will be before the Court, as the cause can not be called for trial at this term, and therefore, the defendant cannot be prejudiced by the failure of plaintiff's counsel to have assigned errors heretofore, and especially, as the affiant swears to merits, we believe the motion should be sustained— the Judgment is accordingly set aside, and the cause reinstated on the docket.